**IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 06 CR 380-1 |
| vs. ) | Honorable James B. Zagel |
| ) | Judge Presiding |
| JEREMY HAMMOND ) | |

**SENTENCING MEMORANDUM ON BEHALF OF JEREMY HAMMOND**

Through counsel, Matthew J. McQuaid, files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

The defendant entered a blind plea of guilty to the sole count of the indictment. The defendant is charged with accessing a protected computer without authority and obtaining credit card and other personal information from that computer, in violation of 18 U.S.C. § 1030(a)(2)(C). According to this statute, the maximum term of imprisonment for this offense is five years. The PSR calculation of the advisory guideline range of imprisonment for the defendant is 63 to 78 months. The PSR also states that pursuant to § 5G1.1(c)(1), the advisory guideline range is 60 months in this case because the statutory maximum penalty is five years.

The defendant is requesting a non-guideline sentence. In support of his request, the defendant sets forth the following reasons.

## I. SENTENCING FACTORS

In light of *United States v. Booker*, 543 U.S. 220 (2005), which held that the mandatory federal sentencing guidelines were unconstitutional, the district court must now consider all of the factors set forth in 18 U.S.C. § 3553(a) in imposing sentence. Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentencing disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

While the guidelines remain an important factor in the post-Booker world, the district court may not presume that they produce the "correct" sentence. *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). Instead, the court must consider all of the relevant factors under the statute and, after considering those factors, impose a

sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2). 18 U.S.C. § 3553(a). In the present case, the § 3553(a) factors call for a non-guideline sentence.

## II. DISCUSSION

The defendant is 21 years old. At a very young age, he developed great skills with a computer. In today's world, one could compare the defendant's ability with a computer to a comic book character's "superpower," like Superman's x-ray vision. It is a lot of power in the hands of a very young person. Most people can, at best, read and write e-mail. The defendant has the ability to get inside the brain of a computer. He can electronically walk into a program or website and change things. It is an incredible talent, and it must be used responsibly.

The defendant is obviously an intelligent person. He also has some extreme opinions and thoughts. Politics can be a very powerful subject. The emotions and extremes of politics can be difficult to control. We are entitled to hold and express our political and social beliefs, but we must keep our emotions in check.

This time the defendant lost control of these two special abilities. He lost his temper. His anger caused him to commit an illegal act. The defendant does not have a history of illegal hacking. In fact, his background shows just the opposite. The defendant has assisted many companies in protecting against security breaches. He has a tremendous work ethic and has worked to support himself since the age of seventeen. He paid his own college tuition when he attended UIC. He has taught computer skills to members of his community for free. He built a computer lab in his neighborhood with used equipment and volunteers his own services to teach computer skills to those who

cannot afford it. This case is the only time that Mr. Hammond used his special gift for irresponsible or illegal purposes.

Further, Mr. Hammond has used his political and social views for good purposes. He established a group that prepares meals for the less fortunate. He and another group of people have rebuilt bicycles and have donated the finished product to charity. He has actively protested issues of social consequence. It is only on this one occasion that his loss of emotional control, combined with the computer knowledge, merged into this illegal act.

The defendant faces an 18 level increase for intended loss under the recommended guideline sentence. This increase propels the defendant's guideline sentence over the statutory maximum of five years imprisonment. The defendant maintains that the recommended advisory guideline offense level substantially overstates the seriousness of the offense.

The defendant illegally hacked the ProtestWarrior.com website ("PW"). He did not hack the computer with the intent to steal credit card information. He did not intend to enrich himself financially. He gained access to PW in August of 2004. In December of 2004, he electronically possessed the credit card information. In late March of 2005, the defendant had been caught. The defendant had the capability to steal from these credit cards, but he did not do so.

Application Note 3(F)(I) of the guidelines instructs the court to apply a minimum loss of $500 per credit card. Thus, the intended loss amount is $2,501,500. The court can punish the defendant for his illegal conduct without applying a random amount for "intended" loss. There was no monetary loss in this case. It would not deprecate the

seriousness of the defendant's conduct to sentence him to a term of imprisonment beneath the statutory maximum of five years in this case.

The defendant was 19 years old when he illegally entered ProtestWarrior.com. He is not some kind of electronic terrorist. He is a good young man who made a life altering mistake. It was a mistake that never happened before August of 2004 nor will it happen again. He lost control of his anger. He did not steal for his own gain. He did not have a plan or a scheme. He just reacted. The defendant understands that he must be punished. He understands the great responsibility he must show in utilizing his gift with computers. A five year sentence, a maximum sentence is not necessary to adequately punish him for this act.

      Respectfully submitted

      s/Matthew J. McQuaid
      MATTHEW J. MCQUAID

      Attorney for Petitioner
      53 W. Jackson Suite 1420
      Chicago, IL 60604
      (312) 726-9015
      E-Mail: mcquaidmat@aol.com
      Atty No: 6209489